## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2017, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Breasia Sawyer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 3, 2017

Court of Appeals Case No.
49A02-1608-CR-1832

Appeal from the Marion County
Superior Court

The Hon. Linda Brown, Judge

The Hon. Allan Reid,
Commissioner

Trial Court Cause No.
49G10-1408-CM-40997

**Bradford, Judge.**

# Case Summary

[1] On August 18, 2014, Appellant-Defendant Breasia Sawyer was shopping at Walmart with her sister when a store employee observed her conceal towels in her bag. The store employee also observed her move beyond the points of purchase with sheets in her arms without paying. After she was intercepted by the employee, Sawyer voluntarily gave a written statement in which she admitted to walking out without paying for the items. Appellee-Plaintiff the State of Indiana (the "State") charged Sawyer with one count of Class A misdemeanor theft on August 28, 2014.

[2] On appeal, Sawyer challenges the sufficiency of the evidence. Specifically, Sawyer raises the following restated issue: whether the evidence was sufficient to prove that she intended to deprive Walmart of the value of the towels and sheets that she carried through the exit doors without paying for them. Because there was sufficient evidence such that reasonable minds could reach the conclusion that Sawyer intended to commit theft, we affirm.

# Facts and Procedural History

[3] On August 18, 2014, Sawyer was shopping in the Walmart on East Washington Street in Marion County with her younger sister. Sawyer was familiar with this particular Walmart because she use to work at the store. While the two women were shopping, Marcus Shields, the store's Asset Protection Associate, saw Sawyer pick up some towels and put them in her purse. Shields also observed

Sawyer picking up two sets of sheets before she walked past all points of purchase and into the vestibule.[1]

[4] At that point, Sawyer was confronted by Shields. Sawyer was cooperative with Shields and went with him to his office to fill out a statement form. On the form, Sawyer wrote "I walked out of Walmart with a pack of towels [and] two sheet sets." Tr. p. 10; State's Ex. 2. An officer from the Indianapolis Police Department was subsequently dispatched to the store where the officer issued a summons for theft.

[5] The State charged Sawyer with Class A misdemeanor theft on August 28, 2014. After Sawyer failed to appear for two bench trials, she proceeded to a bench trial on July 18, 2016. During her testimony, Sawyer admitted that she had passed all points of purchase with the towels and sheets. Sawyer also testified that she was only going to the vestibule to retrieve a cart and that Walmart allows its customers to place unpaid items in their purses or bags. The trial court found Sawyer guilty as charged and sentenced her to 365 days, with 349 suspended and twenty hours of community service per month while she is on probation. This appeal follows.

# Discussion and Decision

---

[1] The vestibule is the area between two sets of doors that separate the store entrance and the parking lot.

[6]     On appeal, Sawyer argues that there was insufficient evidence to support her conviction for Class A misdemeanor theft because there is no evidence that Sawyer intended to deprive Walmart of the value or use of the merchandise when she went through the exit to the vestibule without paying for the sheets or towels. Our standard for reviewing the sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotation marks omitted). The trier of fact is responsible for resolving conflicts of testimony, determining the weight of the evidence, and evaluating the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

[7]     Under Indiana Code section 35-43-4-2, "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft,

a Class A misdemeanor." "Intent is a mental function, and without a confession, it must be determined from a consideration of the conduct and the natural consequences of the conduct giving rise to the charge that the defendant committed theft." *Long v. State*, 867 N.E.2d 606, 614 (Ind. Ct. App. 2007) (internal citations and quotation marks omitted). "Accordingly, intent may be proven by circumstantial evidence, and it may be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points." *Id.* (internal citation omitted).

[8] Sawyer asserted during trial that she took the items with her past the exit doors in order to retrieve a cart and that Walmart allowed customers to store unpaid items in their purses or bags. The trial court, however, did not find Sawyer's "demeanor, or her testimony very credible." Tr. p. 26. The trial court also found that "if [Sawyer] worked at [Walmart] then she certainly . . . [understood] the rules about passing the last point of purchase. If you are going to get a cart, you do not carry unpaid merchandise with you out to get a cart." Tr. p. 26. Furthermore, the evidence shows that Sawyer wrote a voluntary statement in which she admitted to walking out of the store with the unpaid merchandise. Reviewing only the probative evidence and reasonable inferences that would support the verdict, we conclude that the evidence was sufficient to support the trial court's conclusion that Sawyer committed theft beyond a reasonable doubt. We affirm the judgment of the trial court.

Vaidik, C.J., and Brown, J., concur.